357 F.3d 263
 PSINET LIQUIDATING LLC, Plaintiff-Appellant,
v.
BEAR STEARNS & CO., INC., Chase Securities Inc., Donaldson, Lufkin & Jenrette Securities Corp., Bear Stearns International Limited, Chase Manhattan International Limited, Donaldson, Lufkin & Jenrette International, Defendants-Appellees.
PSINET LIQUIDATING LLC, Plaintiff-Appellant,
v.
Bear Stearns International Limited, Donaldson, Lufkin & Jenrette International, Merrill Lynch International Limited, Morgan Stanley & Co., International, Defendants-Appellees.
 Docket No. 03-7295.
 Docket No. 03-7739.
 United States Court of Appeals, Second Circuit.
 Argued January 14, 2004.
 Decided February 2, 2004.
 
 Thomas C. Willcox, Washington, DC (Alan N. Alpern and Brian Guillorn, New York, NY, of counsel), for Plaintiff-Appellant.
 Jeffrey Q. Smith, New York, N.Y. (Paul A. Straus, Rishona Fleishman, King & Spalding LLP, of counsel), for Defendants-Appellees.
 Before OAKES and CABRANES, Circuit Judges, and MUKASEY,[1] District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff PSINet Liquidating LLC brought two suits in New York State Supreme Court alleging that defendants unlawfully collected broker fees from plaintiff's predecessor, PSINet Inc. ("PSINet"), in connection with the 1999 purchase and resale of debt securities issued by PSINet. Two purchase agreements between PSINet, a provider of Internet and eCommerce services, and certain of the defendants — all investment dealers based overseas — provided for those defendants to initially purchase unregistered senior notes at a discount of over 2% of the purchase price and to then resell them to qualified ultimate purchasers at the full purchase price.[2] The agreements contemplated the involvement of the other defendants (domestic affiliates of the defendant-parties to the agreements) in the resale.
 
 
 2
 The complaints allege that the series of transactions conducted pursuant to the purchase agreements were in fact loans and that, as a result, all defendants, acting in fact as brokers of the loans, unlawfully retained profits in excess of the 0.5% cap on loan brokerage fees imposed by New York General Obligations Law § 5-531.[3] Each complaint seeks damages equal to the difference between the profit realized by defendants because of their discount price and the amount allowable under section 5-531.
 
 
 3
 Both suits were removed to federal court on diversity grounds. In the first suit, removed to the District Court for the Southern District of New York, plaintiff moved to remand on the basis that complete diversity among the parties did not exist because three of the six defendants (the domestic affiliates) had their principal places of business in New York.[4] Defendants moved to dismiss for, among other things, failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Finding that plaintiff could not establish a cause of action against the New York defendants, that plaintiff's joinder of the New York defendants was "fraudulent" so as to defeat diversity jurisdiction, and, indeed, that plaintiff could not establish a claim against any of the defendants, the District Court, George B. Daniels, Judge, denied plaintiff's motion to remand and dismissed the complaint as to all defendants. PSINet Liquidating LLC v. Bear Stearns & Co., Inc., No. 02 Civ. 6691(GBD), 2003 WL 367863 (S.D.N.Y. Feb.19, 2003). The District Court denied plaintiff's subsequent motion for leave to file an amended complaint and for dismissal without prejudice of the claims against the New York defendants.
 
 
 4
 In the second suit, the District Court for the Southern District of New York, Denise L. Cote, Judge, granted defendants' motion to dismiss under Rule 12(b)(6).[5] Psinet Liquidating LLC v. Bear, Stearns Int'l Ltd., No. 03 Civ. 24(DLC), 2003 WL 21511936 (S.D.N.Y. July 1, 2003).
 
 
 5
 Plaintiff timely appealed each of the District Court's judgments dismissing the complaints, and the two appeals were consolidated. We review the District Court's judgments de novo. See, e.g., Kalnit v. Eichler, 264 F.3d 131, 137-38 (2d Cir. 2001).
 
 
 6
 Having considered the material submitted by the parties and heard oral argument of counsel, we conclude, for substantially the reasons stated by the District Court, that plaintiff has failed to state a claim upon which relief can be granted.
 
 
 7
 By its terms, section 5-531 applies only to a "loan or forbearance." N.Y. Gen. Oblig. § 5-531(1). Neither this court nor the New York Court of Appeals has addressed whether section 5-531 could apply to a sale of debt securities such as occurred in this case. However, plaintiff has alleged no facts to support its contention that these transactions were loans, either in substance or in form. The purchase agreements and other documents attached to the complaint evidence a common sale of debt securities between two principals. They show that the overseas defendants had an affirmative obligation to purchase, and PSINet had an affirmative obligation to sell, the notes at a bargained-for price. The purchase agreements also contemplated the re-sale of the notes in a separate transaction between defendants and another set of principals, the qualified institutional buyers.
 
 
 8
 Plaintiff's conclusory allegations that the transactions were a sham are insufficient to allege the existence of a loan, and therefore the complaint fails to state a claim for violation of section 5-513.
 
 
 9
 Accordingly, we affirm the judgments of the District Court dismissing the complaints as against all defendants.
 
 
 
 Notes:
 
 
 [1]
 The Honorable Michael B. Mukasey, Chief Judge of the United States District Court for the Southern District of New York, sitting by designation
 
 
 [2]
 Specifically, one purchase agreement provided for a 2.75% discount to defendants, and the other purchase agreement provided for a 2.26% discount
 
 
 [3]
 That statute provides in relevant part:
 No person shall, directly or indirectly, take or receive more than fifty cents for a brokerage, soliciting, driving or procuring the loan or forbearance of one hundred dollars, and in that proportion for a greater or less sum ....
 N.Y. Gen. Oblig. § 5-531(1).
 
 
 [4]
 The three defendants with New York as their principal places of business are Bear Stearns & Co., Inc., Chase Securities Inc., and Donaldson, Lufkin & Jenrette Securities Corp. The other three defendants, with which plaintiff has diversity, are Bear Stearns International Limited, Chase Manhattan International Limited, and Donaldson, Lufkin & Jenrette International
 
 
 [5]
 The defendants in this case are Bear Stearns International Limited, Donaldson, Lufkin & Jenrette International, Merrill Lynch International Limited, and Morgan Stanley & Co., International. Complete diversity exists between plaintiff and these foreign defendants